UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. '08 MJ 0300 |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Jesus CARO-Bracamontes** ) | Attempted Entry After |
| ) | Deportation (Felony) |
| Defendant, ) | |

The undersigned complainant being duly sworn states:

On or about **February 2, 2008** within the Southern District of California, defendant **Jesus CARO-Bracamontes**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 4th day of **February, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On February 2, 2008 at approximately 9:30 PM, **Jesus CARO-Bracamontes (Defendant)** applied for admission into the United States from Tijuana, Mexico at the San Ysidro, California Port of Entry through the vehicle primary lanes. Defendant was the rear passenger of a beige 1996 Lexus LX450. Driving the vehicle was Defendant's brother and seated in the front passenger seat was the brother's wife. During primary inspection before a Customs and Border Protection (CBP) Officer, Defendant's no longer valid Permanent Resident Card (I-551) was presented on his behalf. The primary officer queried Defendant's Permanent Resident Card and received a match to the query. Defendant and all passengers were escorted into secondary for a more thorough inspection.

In secondary, Defendant was determined to be a Mexican citizen with no entitlements to enter or reside in the United States. Defendant was queried by ten-digit fingerprint submission utilizing the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS resulted in a positive match to the query, confirming Defendant's identity and linking him to Immigration and FBI records.

Immigration service records including the Deportable Alien Control System (DACS) revealed Defendant is a citizen of Mexico who had been previously removed from the United States. DACS indicates Defendant was ordered deported, excluded or removed by an Immigration Judge from the United States on or about February 2, 2007 and was physically removed to Mexico on or about June 4, 2007 via Nogales, Arizona. Immigration service records contain no evidence that Defendant has applied or received permission from the United States Attorney General or his designated successor, the Secretary of the Department of Homeland Security, to legally seek reapplication for admission into the United States.